IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Allen D. Stephenson, | ) | C/A No. 6:17-cv-01805-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Mark McCoy and Carolina Arms Group, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Motion to Compel filed by Plaintiff on November 13, 2017. ECF No. 28. On January 29, 2018, Defendants filed their Response in Opposition to Plaintiff's Motion to Compel.[1] ECF No. 45. The following day, Plaintiff filed a Reply. ECF No. 46.

I. **Background**

This lawsuit involves claims of fraud, breach of contract, breach of fiduciary duty, breach of contract accompanied by fraudulent acts, conversion, violation of securities acts, and unjust enrichment. ECF No. 1. The Complaint alleges that Plaintiff provided Defendant McCoy with $132,500 based upon Defendant McCoy's promise to build 54 handguns incorporating Plaintiff's unique sighting mechanism. ECF No. 1 at 3. The Complaint further alleges that Plaintiff sent Defendant McCoy an additional $175,000 to purchase one half of Defendant Carolina Arms Group, LLC, for the development and production of a polymer handgun. ECF No. 1 at 4. Plaintiff contends that Defendants have failed to satisfy these terms.

---

[1] Defendants sought four extensions of time to file a Response from this Court, all of which were granted. ECF Nos. 33, 37, 42, 44.

On August 23, 2017, Plaintiff served discovery on Defendants. ECF No. 28 at 1. Plaintiff alleges that Defendants have not fully responded to many of his discovery requests, particularly in regards to requests seeking information and documents about how Defendants used Plaintiff's funds. Thereafter, Plaintiff filed a Motion to Compel on November 13, 2017. ECF No. 28.

## II. Analysis

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011). When a party feels at liberty to disobey discovery requests, "weeks or months (as in this case) pass without progress in the litigation." *Id.* at 1321. Here, the Court has been asked to address a number of deficient discovery responses to rather straightforward discovery requests. As an initial matter, Defendants claim that Plaintiff's motion is premature because it does not contain a meet and confer certification. ECF No. 45 at 3. After reviewing the filings, the Court finds that Plaintiff's motion was properly filed. *See* ECF No. 28 at 2 ("Accordingly, prior to filing this Motion, the Undersigned has attempted to resolve the issues raised herein to no avail."). Defendants also argue that Plaintiff should not be awarded attorneys' fees and costs for any discovery violations. Plaintiff's filings are clear that he is not seeking sanctions of any kind and, instead, is seeking only a court order requiring Defendants to identify and produce responsive information. Each of Plaintiff's claims will be addressed in turn.

### A. Interrogatory 5

Plaintiff's Interrogatory 5 states: "Identify by institution name, address, account holder name, and account number each account into which Defendants, or anyone acting for them,

deposited or had funds wired with respect to: a. the $132,500 received from Plaintiff; and b. the $175,000 received from Plaintiff." ECF Nos. 28-1 at 4–5; 28-3 at 4–5. Defendants responded that the $132,500 was deposited into Defendant Carolina Arms Group, LLC's business checking account at the Bank of the Ozarks and that the $175,000 was deposited in a separate money market account at the Bank of the Ozarks. ECF Nos. 28-1 at 5; 28-3 at 5. Defendants now contend that this information is fully responsive to Plaintiff's interrogatory as Plaintiff has much of the requested information already and is able to subpoena the bank records. However, even if this assertion is true, Defendants have an obligation to fully respond to Plaintiff's request. Therefore, the Court directs Defendants to respond to Plaintiff's Interrogatory 5 within ten (10) days of this Order.

### B. Interrogatory 6

Plaintiff's Interrogatory 6 states: "Identify each transaction in which Defendants, or anyone acting on their behalf, transferred or disbursed any part of the $132,500 or the $175,000 received from Plaintiff, including the name address, and account number of any account to which any part of the funds were transferred or, if transferred or disbursed by check, identify each check and cancelled check." ECF Nos. 28-1 at 5; 28-3 at 5. Defendants generally responded that the funds were used to develop and design the handguns. *Id.* Despite clearly indicating that Defendants incurred costs and expenses related to this development and design, Defendants provide no meaningful information to Plaintiff about *how* the money was spent or *to whom* it was paid. Defendants' responses are plainly deficient, and the Court directs Defendants to fully respond to Plaintiff's Interrogatory 6 within ten (10) days of this Order.

### C. Interrogatory 7

Plaintiff's Interrogatory 7 states: "If Defendants contend they spent any money to fulfill the order for guns placed by Plaintiff/1911, LLC, either as reflected in Invoice 179 dated February 9, 2017, or any changes you contend were agreed to with respect to that order, specify: a. Each expenditure; b. the amount of the expenditure; c. the person(s) or entities to whom the expenditure was made; d. the identity of all documents, including purchase orders, invoices, and cancelled checks, that reflect the expenditure. ECF Nos. 28-1 at 5–6; 28-3 at 6. While Defendants contend that they spent more than $132,500 to fulfill Plaintiff's order, they provide no information about the actual expenditures. *See* ECF Nos. 28-1 at 6; 28-3 at 6. Plaintiff is entitled to this information, and the Court directs Defendants to fully respond to Plaintiff's Interrogatory 7 within ten (10) days of this Order.

### D. Interrogatory 8

Plaintiff's Interrogatory 8 states: "If Defendants contend they spent any of the $175,000 received from Plaintiff, specify: a. Each expenditure; b. the amount of the expenditure; c. the person(s) or entities to whom the expenditure was made; d. the identity of all documents, including purchase orders, invoices, and cancelled checks, that reflect the expenditure." ECF Nos. 28-1 at 6; 28-3 at 6–7. Again, Defendants contend that this money was spent, but provide no information about the actual expenditures. *See* ECF Nos. 28-1 at 6; 28-3 at 7. Accordingly, Defendants are directed to fully respond to Plaintiff's Interrogatory 8 within ten (10) days of this Order.

### E. Interrogatory 12

Plaintiff's Interrogatory 12 states: "Describe any efforts made by either Defendants or Divergent in 2017 to design, develop, manufacture, or market a polymer 1911 style handgun and specify each vendor/business partner engaged in such efforts and each expenditure (including its

amount) made in 2017 towards the objective of designing, developing, manufacturing, or marketing such a gun." ECF Nos. 28-1 at 10; 28-3 at 10–11. Defendants outline the efforts made to design, develop, manufacture, or market the polymer handgun; however, Defendants again fail to identify the expenditures made towards meeting these objectives. *See id.* Accordingly, Defendants are directed to fully respond to Plaintiff's Interrogatory 12 within ten (10) days of this Order.

### F. Request for Production 3

Plaintiff's Request for Production 3 seeks: "Each account statement and cancelled checks from January 1, 2017 to present for each account identified in [Defendants'] responses to the foregoing interrogatories." ECF Nos. 28-2 at 2–3; 28-4 at 2–3. Defendants object to this request as unduly burdensome and not proportional to the needs of the case, claiming that the requested documents contain information that is confidential and proprietary. ECF Nos. 28-2 at 3; 28-4 at 2–3. As an initial matter, Defendants' responses are deficient in that they fail to identify whether responsive documents are being withheld on the basis of the objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). However, the Court further finds that Plaintiff's request is not unduly burdensome and is proportionate to the needs of the case. Thus, Defendants are directed to fully respond to Plaintiff's Request for Production 3 within ten (10) days of this Order.

### G. Request for Production 6

Plaintiff's Request for Production 6 seeks: "All documents that identify each vendor engaged for the manufacturing of any product on behalf of the business being developed for Divergent, LLC." ECF Nos. 28-2 at 3–4; 28-4 at 3. Defendant McCoy states that he "will

5

produce documents in his possession, custody, or control that are located after a diligent search and reasonable inquiry." ECF No. 28-4 at 3. The Court holds that Defendant McCoy has had ample time to conduct a search of his documents, and directs him to produce documents responsive to this request within ten (10) days of this Order.

### H. Requests for Production 9–11

Plaintiff's Requests for Production 9–11 request documents and written communications regarding the design, manufacturing, or marketing of a polymer 1911 style handgun and custom concealed hammer system as well as documents that relate to any outside manufacturer that had a role in developing these products. ECF Nos. 28-2 at 4–5; 28-4 at 4–5. Again, Defendants state that they will produce unspecified documents after a diligent search and inquiry. *See id.* The Court holds that Defendants have had ample time to conduct a search of their documents, and directs that documents responsive to these requests be produced within ten (10) days of this Order.

### I. Request for Production 12

Plaintiff's Request for Production 12 seeks: "A complete set of financial records for Defendants or Divergent, LLC, including any personal financial statements, for 2016 and 2017 year to date including, profit and loss statements, balance sheets, income statements, and all journal entries. ECF Nos. 28-2 at 5–6; 28-4 at 5–6. Defendants object to this request as unduly burdensome and not proportional to the needs of the case, claiming that the information is confidential and proprietary. *Id.* The Court overrules Defendants' objections and finds that the requested information is not unduly burdensome and is proportional to the case as the documents directly relate to Plaintiff's claims that Defendants' improperly spent Plaintiff's money.

Therefore, Defendants are directed to produce documents responsive to Plaintiff's Request for Production 12 within ten (10) days of this Order.

### J. Request for Production 13

Plaintiff's Request for Production 13 seeks: "All correspondence, including e-mails and text messages, concerning Allen Stephenson's investment in Divergent." ECF No. 28-2 at 6; 28-4 at 6. Defendant McCoy states that he will produce documents that are located after a diligent search and reasonable inquiry. ECF No. 28-4 at 6. The Court orders production of these documents within ten (10) days of this Order.

### K. Requests for Production 14–15

Plaintiff's Requests for Production 14 and 15 seek documents that Defendants' identified in their responses to Plaintiff's interrogatories and documents upon which Defendants rely in regard to their affirmative defenses. ECF Nos. 28-2 at 6; 28-4 at 6. Once again, Defendants respond that they will respond with documents that are located after a diligent search and reasonable inquiry. *See id.* The Court directs Defendants to locate and produce responsive documents within ten (10) days of this Order.

## III. Conclusion

After a review of the record and filings of the parties, the Court finds that Defendants' discovery responses are deficient; accordingly, Plaintiff's Motion to Compel is **GRANTED**. Although Defendants promise that much of the requested information will be produced "on a timetable agreeable to the parties and the Court," ECF No. 45 at 4, these discovery requests were served over five months ago and the Court finds it necessary to order the production of all

documents and information referenced in this Order within ten (10) days.  The parties are reminded of this Court's filing preference, viewable on the District Court's website, that the parties must request a telephone conference with the Court prior to filing any future motions related to discovery.

       IT IS SO ORDERED.

                                               s/ Donald C. Coggins, Jr.
                                               United States District Judge

February 1, 2018
Spartanburg, South Carolina